ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2010 JAN 14 PM 2: 21

DEPUTY CLERK _____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Criminal No. _____ |
| | § | |
| SRIDHAR IYER(1) | § | 3 -10 CR0009 N |
| | § | |

## PLEA AGREEMENT

Sridhar Iyer, defendant, William Kim Wade, the defendant's attorney, and the

United States of America (the government) agree as follows:

1.  **Rights of the defendant**: Iyer understands that he has the rights:

    a.   to be indicted by a grand jury

    b.   to plead not guilty;

    c.   to have a trial by jury;

    d.   to have his guilt proven beyond a reasonable doubt;

    e.   to confront and cross-examine witnesses and to call witnesses in his

         defense; and

    f.   against compelled self-incrimination.

2.  **Waiver of rights and plea of guilty**: Iyer waives these rights and pleads

guilty to the offense alleged in Count One of the information), charging a violation of 18

U.S.C. §§ 666(a)(1)(A) and 2, that is, Misapplication of Federal Program Funds and

Aiding and Abetting.  Iyer understands the nature and elements of the crime to which he

is pleading guilty, and agrees that the Factual Résumé he has signed is true and will be

submitted as evidence.

3.    **Sentence**:  The maximum penalties the Court can impose include:

    a.    imprisonment for a period not to exceed 10 years;

    b.    a fine not to exceed $250,000.00, or twice any pecuniary gain to the defendant or loss to the victim(s);

    c.    a term of supervised release of not more than three (3) years, which may be mandatory under the law and will follow any term of imprisonment.  If Iyer violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release;

    d.    a mandatory special assessment of $100.00; and

    e.    restitution to victims or to the community, which may be mandatory under the law, and which Iyer agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone;

4.    **Sentencing agreement**:  Pursuant to Rule 11(c)(1)(C), the parties agree that

the loss attributable to Iyer's conduct herein is more than $70,000 and less than $120,000

under USSG § 2B1.1(b)(1)(E) and that no other upward adjustments are applicable.  This

agreement does not limit the amount of restitution which may be ordered by the Court.  If

the Court accepts this plea agreement, this provision is binding on the Court. Other than

the above, the Court remains free to determine the appropriate sentence, under the

advisory United States Sentencing Guidelines.  Pursuant to Rule 11(c)(5), if the Court

rejects this plea agreement, the Court shall afford Iyer the opportunity to withdraw his

plea and advise the defendant that, if he persists in his guilty plea, the Court is not bound

by the plea agreement and the disposition of the case may be less favorable than that

contemplated by the plea agreement.

5.      **Mandatory special assessment**: Prior to sentencing, Iyer agrees to pay to

the U.S. District Clerk the amount of $ 100.00, in satisfaction of the mandatory special

assessment in this case.

6.      **Defendant's agreement**: Iyer shall give complete and truthful information

and/or testimony concerning his participation in the offense of conviction.  Upon demand,

Iyer shall submit a personal financial statement under oath and submit to interviews by

the government and the U.S. Probation Office regarding his capacity to satisfy any fines

or restitution

7.      **Government's agreement**:  The government will not bring any additional

charges against Iyer based upon the conduct underlying and related to defendant's plea of

guilty.  The government will file a Supplement in this case, as is routinely done in every

case, even though there may or may not be any additional terms.  This agreement is

limited to the United States Attorney's Office for the Northern District of Texas and does

not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any

civil or administrative proceeding against Iyer or any property.

8.      **Violation of agreement**: Iyer understands that if he violates any provision

of this agreement, or if his guilty plea is vacated or withdrawn, the government will be

free from any obligations of the agreement and free to prosecute Iyer for all offenses of

which it has knowledge.  In such event, Iyer waives any objections based upon delay in

prosecution.  If the plea is vacated or withdrawn for any reason other than a finding that it

**Plea Agreement - Page 3**

was involuntary, Iyer also waives objection to the use against him of any information or statements he has provided to the government, and any resulting leads.

9.      **Voluntary plea**: This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement.

10.     **Waiver of right to appeal or otherwise challenge sentence**: Iyer waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from his conviction and sentence. He further waives his right to contest his conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. Iyer, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of his plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

11.     **Representation of counsel**: Iyer has thoroughly reviewed all legal and factual aspects of this case with his lawyer and is fully satisfied with that lawyer's legal representation. Iyer has received from his lawyer explanations satisfactory to him concerning each paragraph of this plea agreement, each of his rights affected by this agreement, and the alternatives available to him other than entering into this agreement. Because he concedes that he is guilty, and after conferring with his lawyer, Iyer has concluded that it is in his best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

12.    **Entirety of agreement**: This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

AGREED TO AND SIGNED this 13th day of January, 2010.

JAMES T. JACKS
UNITED STATES ATTORNEY

_____
SRIDHAR IYER
Defendant

_____
JOSEPH M. REVESZ
Assistant United States Attorney
Texas State Bar No. 16792700
1100 Commerce Street, Third Floor
Dallas, Texas  75242-1699
Telephone: 214.659.8664
Facsimile:  214.659.8803
Email: joe.revesz@ usdoj.gov

_____
WILLIAM KIM WADE
Attorney for Defendant
Texas State Bar No. 206421100

_____
SARAH R. SALDAÑA
Deputy Criminal Chief
Texas State Bar No.  05776775

I have read (or had read to me) this Plea Agreement and have carefully reviewed every part of it with my attorney.  I fully understand it and voluntarily agree to it.

_____        _____
SRIDHAR IYER                            Date
Defendant

I am the defendant's counsel.  I have carefully reviewed every part of this Plea Agreement with the defendant.  To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

_____        _____
WILLIAM KIM WADE                        Date
Attorney for Defendant

Plea Agreement - Page 5